## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Thomas, (2018-0811147), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 19 C 5110 |
| v. ) | |
| ) | Judge Matthew F. Kennelly |
| ) | |
| Tom Dart, ) | |
| ) | |
| Respondent. ) | |

### ORDER

For the reasons stated below, the Clerk is directed to enter judgment dismissing this case. Petitioner remains liable for the five dollar filing fee. Petitioner must either pay the fee or bring an *in forma pauperis* application by 10/15/2019. Failure to pay the fee or bring a proper IFP application may result in Petitioner being barred from filing future cases in this Court. The Court declines to issue a certificate of appealability.

### STATEMENT

Petitioner Michael Thomas filed this *pro se* habeas corpus petition while he was detained at the Cook County Jail. He says he was convicted of rape in Oregon in 1992 and sentenced to 133 months of imprisonment. He was released from custody in Oregon in 2001. He was required to register as a sex offender for ten years following his release from custody. He believes his sex offender registration requirement expired in February 2012. Although the petition is somewhat, it appears that Petitioner was arrested at a bar in Berwyn, Illinois in 2018, resulting in his detention at the Cook County Jail. He does not explain his Illinois charge but implies that he is being held for failing to register as a sex offender in Illinois.

In his habeas corpus petition, Petitioner contends that: (1) he is innocent of the original Oregon charges; (2) Oregon should not have imposed a sex offender registration requirement upon him; and, (3) regardless, the registration requirement expired many years ago, so that he should not be held in Illinois. Following the filing of the case in July 2019, a piece of Court correspondence sent to Petitioner at the Cook County Jail was returned as undeliverable with a notation that Petitioner was discharged. The Court could not locate Petitioner on the inmate locator websites for the Cook County Jail, Illinois Department of Corrections, or Oregon Department of Corrections.

Petitioner's case must be dismissed. As to the Oregon case, he must be in custody pursuant to the criminal charge or judgment he challenges to bring a habeas corpus petition. *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)). Petitioner completed his Oregon sentence, so he cannot challenge that conviction.

Regarding a potential Illinois charge arising from his 2018 arrest, it appears he was in custody at the time he brought that suit. It is possible that this could be a live case and controversy if Petitioner faces collateral consequences. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). But even if Petitioner could challenge a present charge such as failure to register, his case would arise under 28 U.S.C. § 2241 because Petitioner's state case is in pretrial proceedings. *Jacobs v. McCoaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Section 2241 allows Petitioner to bring a habeas corpus petition, but this is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37 (1971); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *United States v. Castro*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). As a general rule, Petitioner must proceed with his claims through the regular state criminal proceedings and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction. *Sweeney*, 612 F.3d at 573. An exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot, such as speedy trial and double jeopardy claims. *Id.*; *see also Braden*, 410 U.S. 489-92. But a challenge to the underlying criminal charge, such as whether Petitioner was still required to register as a sex offender, would not be a proper § 2241 petition.

The Court sees no viable path forward for Petitioner and so dismisses this action. Petitioner remains liable for the five dollar filing fee. Petitioner must either pay the fee or bring an *in forma pauperis* application by the date set in this order. Failure to pay the fee or bring a proper IFP application may result in Petitioner being barred from filing future cases in this Court.

The Court also declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability).

Date: September 16, 2019

_____
MATTHEW F. KENNELLY
United States District Judge